# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**UNITED STATES OF AMERICA,**

    Plaintiff,

**v.**                                        **CRIMINAL ACTION NO. 3:14-CR-21 (ALL)**
                                                     **(JUDGE GROH)**

**CEDRIC MALACHI JONES,**
**a/k/a "BG," et al.,**

    Defendants.

## ORDER GRANTING MOTION FOR COMPLEX CASE DESIGNATION AND RESCHEDULING CASE

On March 24, 2014, the United States filed a "Notice of Intent to Request for Complex Case Designation" pursuant to Local Rule of Criminal Procedure 16.01(h). Subsequently, the United States moved the Court to designate this case as "complex" and to adopt the parties' proposed schedule. [Doc. 118]. Most recently, the United States filed a "Supplement in Support of United States' Motion for Complex Case Designation" [Doc. 128]. For the reasons discussed below, the Court **GRANTS** the motion, **VACATES** the scheduling deadlines in the order previously entered in this case, and **DESIGNATES** this case as complex pursuant to Local Rule of Criminal Procedure 16.01(h).

Under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, a defendant must generally be brought to trial within seventy days of his initial appearance or the making public of the indictment, whichever occurs last. However, certain time periods are excluded from this calculation, including the pendency of any pretrial motion (from its

filing through the hearing or ruling on the motion), 18 U.S.C. § 3161(h)(1)(D), and any delay resulting from a continuance granted in furtherance of the "ends of justice." 18 U.S.C. § 3161(h)(7)(A); see Bloate v. United States, 559 U.S. 196, 214 (2010) (quoting Zedner v. United States, 547 U.S. 489, 498-99 (2006) (stating "[s]ubsection (h)(7) provides '[m]uch of the Act's flexibility' and gives district courts 'discretion–within limits and subject to specific procedures–to accommodate limited delays for case-specific needs'").

In this case, on March 18, 2014, a Grand Jury in Martinsburg, West Virginia, returned a seventy-three count Indictment against the thirteen defendants. On March 24, 2014, the United States filed a "Notice of Intent to Request for Complex Case Designation" pursuant to Local Rule of Criminal Procedure 16.01(h). The United States represents that all the defendants who have appeared in this district, including Ellis and Howard who made their initial appearances on March 31, 2014, and the United States request the Court to approve the matter for complex case designation.

After reviewing the indictment and the parties' arguments, the Court finds this case warrants a "complex" designation. First, the case is complex because of the number of defendants as there are thirteen defendants in this case. Second, the case is complex due to the amount of discovery in this case, currently consisting of nearly six-thousand pages of documents and over fifty CDs/DVDs containing numerous recordings. Also, the United States represents that additional discovery will be prepared in the coming months. Third, the United States represents that the investigation is continuing and it anticipates the possibility of seeking superseding indictments. Those issues render this case so complex that it is unreasonable to expect

the parties to complete adequate preparation for pretrial proceedings or trial within the time limits established in 18 U.S.C. § 3161.  See 18 U.S.C. § 3161(h)(7)(B)(ii) ("Whether the case is so unusual or so complex, due to . . . the nature of the prosecution, . . . that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.").  Therefore, pursuant to 18 U.S.C. § 3161(h)(7)(A), "the ends of justice [are] served by the granting of such continuance [and] outweigh the best interests of the public and the defendant in a speedy trial."

Accordingly, the Court **VACATES** the scheduling deadlines in the order previously entered in this case and **RESCHEDULES** the case as follows:

(1) The United States Attorney shall provide the defendant's counsel with copies of pretrial discovery and inspection on or before **June 17, 2014**.

(2) In accordance with Local Criminal Rule 16.01, the defendant shall provide reciprocal discovery in accord with Federal Rule of Criminal Procedure 16(b)(1) within fourteen (14) days of receipt of the United States' discovery, but not later than **July 1, 2014**.  Any declination of disclosure, additional discovery or inspection, and additional evidence shall be in accordance with Local Rule of Criminal Procedure 16.02, 16.03, and 16.04.

(3) Exculpatory evidence shall be disclosed on or before **July 1, 2014**, in accordance with Local Rule of Criminal Procedure 16.05.

(4) All motions, including any motion for a bill of particulars, pursuant to Federal Rule of Criminal Procedure 7(f) shall be filed on or before **July 11, 2014**.  All such

motions shall contain or be accompanied by a memorandum or brief presented at the time of filing setting forth the reasons and legal support for granting such motion.  If this memorandum or brief is not presented at the time of filing, the motion will be dismissed.  If a party desires to file a motion for a continuance of a trial or any other scheduled event, counsel for that party shall, prior to the filing of any motion, meet and confer with opposing counsel and agree upon three (3) new dates should the motion be granted, and that information shall be included in the motion.  If counsel for the opposing party objects to a continuance, that fact shall be noted in the motion.

(5) Responses to all such motions with legal support or memorandum shall be filed on or before **July 25, 2014**.

(6) A hearing on all motions, if referred to the Magistrate Judge by the Court, shall be held by the Magistrate Judge on **Tuesday, August 5, 2014 at 11:00 a.m.** at Martinsburg, West Virginia.  The defendant shall be present at the hearing on all pretrial motions.  The United States Marshals Service requires that subpoenas for witnesses be issued ten days prior to the date of the hearing in order for them to be able to serve them.

(7) Rule 404(b), Giglio, and Rovario evidence shall be disclosed on or before **August 5, 2014**. See L.R. Crim. P. 16.06.

(8) It is requested that the United States disclose materials described in 18 U.S.C. § 3500 (Jencks Act material) on or before **August 5, 2014**.

(9) All proposed voir dire questions and proposed jury instructions shall be submitted by counsel to the Court and opposing counsel on or before 5:00 p.m.,

4

**August 7, 2014**.  If the instructions in this case are being typed on a computer, counsel are requested to provide to the court a disk labeled as to the case name and party proposing the instructions.  The envelope containing the disk should be marked "Contains Disk – Do Not X-Ray – May be Opened for Inspection."  The disk will be returned to counsel if requested.

(10) All motions in limine (which must be limited to matters actually in dispute) shall be filed by counsel, with service on opposing counsel, at least one (1) week prior to the final pretrial conference and responses filed at least one (1) working day before the final pretrial conference.  See L.R. Crim. P. 24.01.

(11) By 5:00 p.m., **August 5, 2014**, counsel for each party shall submit to the Court a list of probable witnesses and possible witnesses (identified as such), but not whether or not the defendant shall be a witness.  The list shall state the full name and address of each witness and shall also contain a brief statement of the subject matter to be covered by each witness.   Expert witnesses and record custodians shall be identified as such on the list.  See L.R. Crim. P. 16.07.

(12) By 5:00 p.m., **August 5, 2014**, counsel for each party shall file with the Court and with opposing counsel a list of exhibits to be offered at trial.  In addition, counsel for each party shall number the listed exhibits with evidence tags which may be obtained from the clerk and shall exchange a complete set of marked exhibits with opposing counsel (except for large or voluminous items or other exhibits that cannot be reproduced easily).  See L.R. Crim. P. 16.08.

(13) If this matter results in the formulation of a plea agreement, counsel shall

submit to the Court the executed plea agreement or an unexecuted final proposed agreement by 5:00 p.m., **August 5, 2014**.

(14) If a party believes that there may be a disputed issue on the admissibility of certain evidence at trial, that party's counsel shall file a memorandum of law on that issue, with a copy served upon opposing counsel, at least forty-eight (48) hours prior to trial.

(15) The deadlines stated in Local Rules of Criminal Procedure 24.01, 16.07, and 16.08 are deadlines for hand-delivery or delivery by fax, if permission is granted pursuant to Local Rules of General Procedure 5.03 and 5.04. If the items required to be served on opposing counsel are served by the mail, the deadline shall be two (2) days earlier.

(16) A final pretrial conference in this case will be held before the Honorable Gina M. Groh on **August 14, 2014 at 9:30 a.m.** in the Martinsburg District Judge Courtroom.

(17) Jury selection in this matter will be conducted before the Court on **August 19, 2014 at 9:00 a.m.** in the Martinsburg District Judge Courtroom.

(18) Trial will commence upon completion of jury selection in all cases scheduled for trial.

(19) Defendants shall appear at every scheduled matter including, but not limited to, motions hearing, pretrial conference, trial and every other proceeding.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record.

**DATED:** April 1, 2014

GINA M. GROH
UNITED STATES DISTRICT JUDGE