IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**UNITED STATES OF AMERICA,**

    Plaintiff,

**v.**                                                               CIVIL ACTION NO.: 3:14-CR-21-1
                                                                          (GROH)

**CEDRIC MALACHI JONES,**
a/k/a "Big,"

    Defendant.

## ORDER DENYING MOTION REQUESTING DOCUMENTS

Now before the Court is the *pro se* Defendant's Objection of Denial of Transcripts to Petitioner, [ECF 390], which the Court construes as a Motion Requesting Documents. The motion is dated July 6, 2015. In his motion, the Defendant asks the Court to "grant petitioner's request to receive a copy of his legal documents."[1] For the following reasons, the Defendant's motion is **DENIED**.

On June 15, 2015, the Court received a letter drafted by the Defendant, in which he requested a copy of his docket sheet, plea agreement and sentencing minutes. On June 16, 2015, the Clerk's Office sent a copy of the Defendant's docket sheet and plea agreement to the warden at United States Penitentiary, Canaan ("USP Canaan"), where the Defendant is incarcerated. The Clerk's Office informed the warden that the Defendant had requested a copy of those two documents and further stated that it was up to the warden's discretion as to whether to provide the documents to the Defendant directly or to

---

[1] The Defendant refers to himself as "petitioner." The Court notes that, as of the date of this Order, the Defendant has not filed any separate action for relief in this district.

allow the Defendant to review the documents within any constraints. That same day, the Clerk's Office sent the Defendant a letter, informing him that it is the policy of the Clerk's Office to send certain documents to the warden, instead of to an inmate directly. The Clerk's Office further informed the Defendant that, while sentencing minutes are restricted to the Court only, the Defendant could request a copy of his sentencing transcript by submitting a written request. On July 7, 2015, the Court received a version of the Defendant's "objections of denial of transcripts," which is identical to the document now before the Court. In that filing, the Defendant argues that he was denied access to his sentencing transcript, plea agreement and docket sheet "based on a fictional official security concern." He cites to the Code of Federal Regulations, a Bureau of Prisons Program Statement and multiple Supreme Court cases for the proposition that prison officials may not abridge or impair prisoners' access to the courts. On July 13, 2015, the Clerk's Office again wrote to the Defendant, further explaining that it is the policy in the Northern District of West Virginia to mail certain documents, including criminal docket sheets, to the warden instead of directly to prisoners, in order to prevent the accidental disclosure of potentially sensitive information to persons other than the inmate who requested the documents.

In the instant motion, the Defendant does not allege that the warden at USP Canaan has withheld, confiscated, or otherwise refused to allow the Defendant to possess or review the documents that were mailed by the Clerk's Office. Instead, the Defendant takes issue with the policy of sending certain documents to his warden, instead of directly to him. The Defendant's motion does not convince this Court that the Clerk's Office policy has resulted

in an unconstitutional deprivation of his access to the courts.[2]

The Court construes the Defendant's references to his "sentencing minutes" and "sentencing transcripts" as a request for a copy of his sentencing transcript without prepayment of fees. It is well settled that a federal prisoner is not entitled to copies of court records at government expense, without a showing of need, merely to search the record for possible error. United States v. Glass, 317 F.2d 200, 202 (4th Cir. 1963). The Defendant's motion does not present an adequate need for the requested sentencing transcript. Therefore, in order to obtain a copy of his sentencing transcript, the Defendant must pay the proper fees to the court reporter.

Accordingly, the Court hereby **ORDERS** that the Defendant's Motion Requesting Documents, [ECF 390], is **DENIED**.

The Court **DIRECTS** the Clerk to forward a copy of this Order and the Defendant's motion to the court reporter, who shall advise the Defendant of the cost of his sentencing transcript and the process to obtain it.

The Clerk is directed to transmit copies of this Order to all counsel of record and *pro se* parties.

**DATED:** July 20, 2015

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Prisoners are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Bounds v. Smith, 430 U.S. 817, 825 (1977). However, in order to state a valid claim for denial of access to the courts, an inmate must demonstrate an actual injury. See Lewis v. Casey, 518 U.S. 343, 351-52 (1996). The injury must affect the inmate's ability to meaningfully access the courts and "it is not enough for an inmate to complain of theoretical impediments or inconveniences." Adams v. Dobbins, Civil Action No. 7:01-CV-964, 2002 WL 31499679, at *1 (W.D. Va. Apr. 12, 2002) (citing Lewis, 518 U.S. at 351), aff'd, 47 F. App'x 680 (4th Cir. 2002).